UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JEFFERY ALLAN DAVIS, | : | Case No. 2:24-cv-3925 |
| Petitioner, | : | |
| vs. | : | District Judge Edmund A. Sargus |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

Petitioner, a prisoner in state custody at the Pickaway Correctional Institution, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of his parole. The Petition indicates that, in 1991, he was convicted in Stark County, Ohio, of one count of murder with a gun specification and sentenced to a term of imprisonment of fifteen years to life, plus three years for the firearm specification. (Doc. 1-1 at 1). Petitioner has paid the $5 filing fee.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254. For the following reasons, this case is subject to **DISMISSAL**.

**I.  ANALYSIS**

The Petition in this matter raises four grounds for relief:

**GROUND ONE:** Ohio Adult Parole Authority, assessments of release consideration, heard on inaccurate information.

>**Supporting Facts:** In late 2010, I was seen and interviewed by the Ohio Adult Parole Authority at a Central Office Board Review or COBR Hearing. Where I was promised a parole/release if I could produce confirmation of a legal business bank account. The officer's promise was not adhered to[.]
>
>**GROUND TWO:** In 2016, at a continuance hearing the Ohio Adult Parole Authority, once again assessed a hearing on inaccurate information.
>
>**Supporting Facts**: Members of the Parole Authority's Assessment Panel stated that my healthcare insurance, Medicare Part A, and Part B Medical Insurance, was not viable since it was not directed to Operations Support Center (OSC) 4545 Fisher Road, Suite-D, Columbus, Ohio 43228.
>
>**GROUND THREE:** In 2019, I was assessed by the Ohio Adult Parole Authority, and heard through inaccurate information.
>
>**Supporting Facts**: The Panel[']s statement that the victim Lisa Denise Scott was pregnant on the night of her death, Jan. 11, 1991. This was not in the indictment. I was not tried on such a crime. The District Attorney and Pretrial Arraignment Judge refused to hear and add to the indictment.
>
>**GROUND FOUR:** In 2022 at a continuance hearing and assessment I was once again heard on inaccurate information.
>
>**Supporting Facts:** The Panel stated they did not believe my statements of trial events, and pretrial reviews of the matter, and once again assessed on grounds of inaccurate information. Even after I obtained a copy of the Stark County Criminal Appearance Docket with all applicable dates. A copy of the signed indictment, and a certified copy of the sentence.

(Doc. 1-1 at 5–10).

Under § 2254(a), courts may "entertain an application for a writ of habeas corpus . . . only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In the context of parole, the Sixth Circuit has reiterated that "Ohio does not give inmates a right to parole; the Board has authority to grant or deny a candidate's application at its discretion." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020). "As a result, [a petitioner] cannot argue that, but for the allegedly inaccurate description, the Board would grant him parole." *Id*.

Because the Ohio Adult Parole Authority maintains the discretion to grant or deny parole, Petitioner's claim "that he has been deprived of an accurate parole record . . . falls outside § 2254(a)'s domain." *Id*. Here, the Petition seeks relief based solely on claims of an inaccurate parole record. It is therefore outside the scope of § 2254 and subject to dismissal. *See id*.

Accordingly, the Petition should be dismissed under Rule 4 of the Rules Governing § 2254 Cases. This recommendation, however, does not foreclose Petitioner "from using [42 U.S.C.] § 1983 to raise these or similar claims." *Bailey*, 951 F.3d at 347.

**II.  CONCLUSION**

**IT IS THEREFORE RECOMMEDED THAT:**

1. The Petition should be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS THEREFORE ORDERED THAT:**

In light of Petitioner paying the $5 filing fee necessary to commence this action, his motion to proceed *in forma pauperis* (Doc. 1) is **DENIED as moot.**

Date: September 24, 2024              /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE

## **PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).