UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY ALAN DAVIS,

      Petitioner,

v.

      Case No. 2:24-cv-3925
      Judge Edmund A. Sargus, Jr.
      Magistrate Judge Kimberly A. Jolson

WARDEN, Pickaway Correctional Institution,

      Respondent.

## ORDER

The Magistrate Judge issued a Report and Recommendation recommending that *pro se* Petitioner Jeffrey Alan Davis's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed. (ECF No. 2.) Mr. Davis timely objected. (ECF No. 4.)

A litigant who is the subject of an adverse report and recommendation from a Magistrate Judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge correctly explained that under § 2254(a), courts entertain writ of habeas corpus applications "only on the grounds that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Sixth Circuit has reiterated that "Ohio does not give inmates a right to parole; the [Ohio Parole] Board has authority to grant or deny a candidate's application at its discretion." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020). Thus, a petitioner cannot argue that, but for the allegedly inaccurate description in his parole record, the Court would grant him parole. *Id.*

Mr. Davis makes his claim in his petition solely based on an inaccurate parole record, which is outside the scope of § 2254 and subject to dismissal. (ECF No. 3.) The Magistrate Judge noted, however, that Mr. Davis is not foreclosed from raising similar claims using 42 U.S.C. § 1983. (ECF No. 2, PageID 172 (citing *Bailey*, 951 F.3d at 347 ("While we affirm the dismissal of Bailey's petition, we do so without prejudice to his filing a new claim under § 1983.")).)

Mr. Davis's objection is difficult to discern but begins with a "request to file under 42 U.S.C. § 1983, on the same issues filed on" his § 2254 petition. (ECF No. 4, PageID 336.)Yet at a different point in his objection, Mr. Davis "asks permission to proceed under [§]2254 (A) and (B)(C)" because "[t]he State Court lacks means to adduce a factual response to the claims made." (*Id.* PageID 337.) He also requests "the means and resources for use under [42 U.S.C.] [§] 1983[] solely for the purpose of continuance of motion under 28 U.S.C. [§] 2254." (*Id.* PageID 339.) Although Mr. Davis cites § 1983, even construed liberally, his Objection makes no identifiable claim under the statute related to his parole record. (*See generally id.*)

Having considered the Magistrate Judge's Report and Recommendation *de novo* and Mr. Davis's Objection, the Court **ADOPTS and AFFIRMS** the Report and Recommendation (ECF No. 2) and **OVERRULES** Mr. Davis's Objection (ECF No. 4). The Petition is **DISMISSED without prejudice** under Rule 4 of the Rules Governing § 2254 Cases. Mr. Davis may file a § 1983 action raising similar claims but needs to meet the basic pleading standards under Federal Rule of Civil Procedure 8.

Further, given the Mr. Davis paid the $5 filing fee necessary to commence this action, his motion to proceed *in forma pauperis* (ECF No. 1) is **DENIED AS MOOT**. The Court certifies that, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**10/14/2025**                              **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**